# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONGKARUCK SRIPETCH (1),<br>ANDREW McALPINE (4),<br><br>Defendants. | Case No.  20CR0160-H<br><br>ORDER GRANTING JOINT MOTION TO CONTINUE MOTION HEARING /TRIAL SETTING DATE AND TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT |

Good cause appearing and based on the parties' joint motion (Doc. No. 52), the Court GRANTS the parties' joint motion to continue the motion hearing/trial setting and GRANTS the parties' joint motion to exclude time under the Speedy Trial Act ("STA"), 18 U.S.C. § 3161(h). Accordingly, the motion hearing/trial setting set for January 25, 2021 is vacated and continued to March 15, 2021 at 10:00 a.m. The Court makes the following factual findings, which apply to the exclusion of time under the STA.

The President of the United States of America, the Governor of the State of California, and the Mayor of the City of San Diego have declared states of emergency in response to the spread of the coronavirus ("COVID-19"). The Centers for Disease Control

and Prevention and other public health authorities have advised the public to implement and practice social distancing. To protect public safety and prevent the spread of COVID-19, on March 17, 2020 the Chief Judge of the Southern District of California issued an order declaring a judicial emergency for a period of 30 days. Chief Judge Larry A. Burns found that the period of suspension of criminal trials and other criminal proceedings implemented by its Order is excluded under the STA, on the basis that the current COVID-19 pandemic constitutes a "judicial emergency" under 18 U.S.C. § 3174.  The period of exclusion will be from March 17, 2020 to April 16, 2020 absent further order of the Chief Judge or that of any individual district judge. See Order of the Chief Judge No. 18 (S.D. Cal. March 17, 2020) (Burns, C.J.). The period of exclusion has been extended by subsequent orders of the Chief Judge and is in effect as of the date of this order. See Order of the Chief Judge No. 24 (S.D. Cal. April 15, 2020) (Burns, C.J.); Order of the Chief Judge No. 27 (S.D. Cal. May 15, 2020) (Burns, C.J.); Order of the Chief Judge No. 30 (S.D. Cal. June 11, 2020) (Burns, C.J.); Order of the Chief Judge No. 33 (S.D. Cal. July 13, 2020) (Burns, C.J.); Order of the Chief Judge No. 34 (S.D. Cal. August 14, 2020) (Burns, C.J.); Order of the Chief Judge No. 40 (S.D. Cal. September 14, 2020) (Burns, C.J.); Order of the Chief Judge No. 47 (S.D. Cal. October 14, 2020) (Burns, C.J.); Order of the Chief Judge No. 50 (S.D. Cal. November 16, 2020) (Burns, C.J.).

The Judicial Conference of the United States found that conditions due to the national emergency are materially affecting the functioning of the federal courts, and the Judicial Council of the Ninth Circuit certified that emergency conditions existing in the Southern District of California justify the temporary suspension of the 70-day period to bring the defendant to trial. In re Approval of the Judicial Emergency Declared in the S. Dist. of California, 955 F.3d 1135, 1136 (9th Cir. 2020) (Thomas, C.J.). Even with a few jury trials resuming in certain courts, the current health restrictions have hindered the number of jury trials that can proceed.

The United States has produced voluminous discovery to the Defendants. These documents include, among other things, bank records, communications, and dozens of

reports from the Federal Bureau of Investigation. The Defendants, and their counsel, need the opportunity to review the discovery in order to determine whether to request additional items of discovery and whether to file substantive motions.

The parties continue to exercise due diligence in the preparation of this case. Even beyond the period of judicial emergency, the current health emergency would likely hinder necessary steps the parties would take to meet with witnesses and trial teams, to resolve pretrial disputes between parties, and otherwise adequately prepare for pretrial proceedings or the trial itself within the time limits established by the STA.

Taking into account the exercise of due diligence by the parties and given the grave public health concerns discussed in the Orders of the Chief Judge, the Court finds that that the nature of the charges, the amount of discovery, and the current health emergency make it unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the STA. Furthermore, the failure to grant the requested continuance would deny defense counsel the reasonable time necessary for effective preparation and would result in a miscarriage of justice. Accordingly, the Court finds that time is excluded under 18 U.S.C. § 3161(h)(7) and further finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial. See United States v. Tanh Huu Lam, 251 F.3d 852, 858 (9th Cir.), as amended on denial of reh'g and reh'g en banc sub nom. United States v. Lam, 262 F.3d 1033 (9th Cir. 2001) ("[D]eclin[ing] to permit a defendant's interest in a speedy trial to override his attorney's legitimate assessment of the complexity of a case and his corresponding need to prepare" and further noting that "[t]o hold otherwise would risk setting up an irreconcilable conflict with a defendant's right to effective assistance of counsel[.]").

Additionally, there are pending defense motions (Doc. Nos. 33 and 35) that require a hearing before the Court and the Court continues the pending motions to the March 15, 2021 motion hearing/trial setting date. Accordingly, the Court finds that time is excluded under 18 U.S.C. § 3161(h)(1)(D) for pending motions. See United States v. Tinklenberg,

3

563 U.S. 647, 650 (2011) (Holding that time resulting from the filing of a pretrial motion falls within the STA's exclusion irrespective of whether it actually causes, or is expected to cause delay in starting a trial.)

In light of the foregoing reason, the Court orders that time be excluded under the STA from October 15, 2020, the date of the filing of the first defense motion currently pending before the Court (See Doc. No. 33), to March 15, 2021 under 18 USC §§ 3161(h) and 3174.

The Defendants are ordered to appear before the Court on March 15, 2021 at 10:00 a.m. and each Defendant is to execute and file an acknowledgment of next court date by February 8, 2020. The Defendants are on notice that failure to file an acknowledgment of next court date may result in the Court issuing an order to show cause why bond should not be revoked for failure to comply with the Court's order.

IT IS SO ORDERED.

DATED: January 20, 2021

_____
HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE