# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ONGKARUCK SRIPETCH (1),<br><br>Defendant. | Case No.   20CR0160-H<br><br>ORDER GRANTING JOINT REQUEST TO CONTINUE MOTION HEARING /TRIAL SETTING DATE AND EXCLUDING TIME UNDER THE SPEEDY TRIAL ACT |

The parties have contacted the Court through the courtroom deputy and jointly requested to continue the motion hearing/trial setting date. Good cause appearing and based on the joint request, the Court GRANTS the joint request to continue the motion hearing/trial setting and excludes time under the Speedy Trial Act ("STA,") Title 18 U.S.C. § 3161(h). Accordingly, the motion hearing/trial setting set for December 13, 2021 is vacated and continued to February 14, 2022 at 10:00 a.m. The Court makes the following factual findings, which apply to the exclusion of time under the STA.

There are pending defense motions (Doc. No. 35) that require a hearing before the Court and the Court continues the pending motions to the February 14, 2021 motion hearing/trial setting date. Accordingly, the Court finds that time is excluded under Title 18

U.S.C. § 3161(h)(1)(D) for pending motions from the date of the filing of the Defendant's discovery motion to the new date of the motion hearing. See United States v. Tinklenberg, 563 U.S. 647, 650 (2011) (Holding that time resulting from the filing of a pretrial motion falls within the STA's exclusion irrespective of whether it actually causes, or is expected to cause delay in starting a trial.); See also United States v. Medina, 524 F.3d 974, 979 (9th Cir. 2008) (Holding that when a pending discovery motion is "continued until a date certain or the happening of an event certain" a "district court must exclude time while the motion is pending even if the court ultimately does not hold a hearing or rule on the motion.") (citing United States v. Sutter, 340 F.3d 1022, 1029-32 (9th Cir. 2003)).

Furthermore, the United States has produced voluminous discovery to the Defendant. These documents include, among other things, bank records, communications, and dozens of reports from the Federal Bureau of Investigation. The Defendant and defense counsel need the opportunity to review the discovery in order to determine whether to request additional items of discovery and whether to file substantive motions. Additionally, the scope of the conspiracy charged in this case spans several years and involves multiple defendants, requiring defense counsel to devote additional time and resources into preparing a defense in this case.

Taking into account the exercise of due diligence by the parties, the Court finds that that the nature of the charges, the scope of the alleged conspiracy, and the amount of discovery make it unreasonable to expect adequate preparation for pretrial proceedings or the trial itself within the time limits established by the STA. Therefore, the failure to grant the requested continuance would deny defense counsel the reasonable time necessary for effective preparation and would result in a miscarriage of justice. Accordingly, the Court finds that time is excluded under Title 18 U.S.C. § 3161(h)(7) and further finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendants in a speedy trial. See United States v. Tanh Huu Lam, 251 F.3d 852, 858 (9th Cir.), as amended on denial of reh'g and reh'g en banc sub nom. United States v. Lam, 262 F.3d 1033 (9th Cir. 2001) ("[D]eclin[ing] to permit a defendant's interest in a

speedy trial to override his attorney's legitimate assessment of the complexity of a case and his corresponding need to prepare" and further noting that "[t]o hold otherwise would risk setting up an irreconcilable conflict with a defendant's right to effective assistance of counsel[.]").

The Court also excludes time in the interest of justice in light of the current pandemic and for the reasons stated in the Order of the Chief Judge No. 63-F (S.D. Cal. Oct. 25, 2021) (Sabraw, C.J.); See also In re Approval of the Judicial Emergency Declared in the S. Dist. of California, 955 F.3d 1135, 1136 (9th Cir. 2020) (Thomas, C.J.); United States v. Olsen, 995 F.3d 683, 695 (9th Cir. 2021) (per curiam) (Holding that the District Court "did not cast aside the Sixth Amendment when it entered its emergency orders suspending jury trials based on unprecedented public health and safety concerns."). Even beyond the period of the judicial emergency, the current health emergency including the recent quarantine restrictions imposed by the detention facilities and the discovery of a new mutated COVID-19 variant would likely hinder necessary steps the parties would take to meet with witnesses and trial teams, to resolve pretrial disputes between parties, and otherwise adequately prepare for pretrial proceedings or the trial itself within the time limits established by the Speedy Trial Act. For these reasons, the Court excludes time from the date of this order to February 14, 2022 under the interest of justice provisions of the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A) and (B).

The Defendant is ordered to appear before the Court on February 14, 2022 at 10:00 a.m. and is to execute and file an acknowledgment of next court date by December 30, 2021. The Defendant is on notice that failure to file an acknowledgment of next court date may result in the Court issuing an order to show cause why bond should not be revoked for failure to comply with the Court's order.

IT IS SO ORDERED.

DATED: December 8, 2021

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE